## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DARRELL EVERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-0045-JMS-WGH |
| | ) | |
| SUPERINTENDENT, Parke | ) | |
| County Jail, | ) | |
| Respondent. | ) | |

## E N T R Y

This cause is before the court on the petitioner's motion to amend and on his motion for appointment of counsel.

### I.

The petitioner's motion to amend seeks to substitute the State of Indiana as the respondent. That step is improper, and hence the motion to amend [9] is **denied**.

### II.

The petitioner=s motion for appointment of counsel (dkt 8) has also been considered.

The Sixth Amendment right to counsel does not apply in *habeas corpus* actions. *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546, 2568 (1991). However, a district court does have the authority to appoint counsel to represent a habeas petitioner whenever it "determines that the interests of justice so require. . . ." 18 U.S.C. ' 3006A(a)(2)(B). Whether to appoint counsel is committed to the discretion of the trial court. *United States v. Evans,* 51 F.3d 287 (10th Cir. 1995). Factors which the court may consider include: (1) whether the merits of the indigent's claim are colorable; (2) ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present his case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

Application of the foregoing factors in this case indicates that the petitioner's claims are not particularly complex, that there is no likelihood an evidentiary hearing will be necessary, that no discovery or other investigation will be required, that due allowance to the petitioner's *pro se* status will be made, and that the petitioner has at least thus far demonstrated adequate ability to express and present his claims. In addition, the petitioner has the means (writing materials, etc.) to continue to present his claims in this action, and the petitioner is literate and seems fully aware of the proceedings involving his Indiana custody.

These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner, and for this reason his motion for appointment of counsel [8] is **denied.**

**IT IS SO ORDERED.**

Date: _05/31/2012_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Darrell E Everts**
**003315488**
**Parke Co. Jail**
**458 W. Strawberry Rd**
**Rockville, IN 47872**